THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENDRA SCOTT, LLC, | |
| Plaintiff, | Case No. 25-cv-03696 |
| v. | **Judge Elaine E. Bucklo** |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | **Magistrate Judge Jeffrey Cole** |
| Defendants | |

## DEFENDANT'S MOTION TO DISMISS

Defendant ChangJieWireless (No. 52) hereby moves to: (i) dismiss the Complaint [ECF 1] for (a) lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), and (b) insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). This Motion is being accompanied by the Declaration of Jianqing Cai, authorized representative of Defendant.

## I. BACKGROUND

Defendant operates an online store through Walmart.com ("Walmart") with its principle place of business in China. It has not registered to do business in Illinois and has no employee or office in Illinois.

Defendant's product listing that allegedly infringed Plaintiff's intellectual property, as shown in Plaintiff's screenshot evidence, is reproduced below ("accused product"):

1



Defendant has never shipped any accused product to Illinois. Although Plaintiff placed an order for the accused product, Defendant cancelled the order because it did not want to sell any accused product to Illinois residents. Defendant has never shipped the accused product to Plaintiff, or any other Illinois residents.

Defendant's address is publicly shown in its Walmart profile page, and is included in Plaintiff's screenshot evidence. *See generally Cai Decl.*

## II. Arguments

**A. The Complaint should be dismissed for lack of personal jurisdiction**

Defendant is not subject to the Court's general personal jurisdiction, because its principal place of business is in China, has never registered to do business in Illinois, and has no office or employee in Illinois. (*Cai Decl*. ¶ 4). The Complaint does not allege otherwise. As such, Defendant is not "at home" in Illinois and should not be subject to the Court's general personal jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014) ("the proper inquiry … is whether a foreign corporation's affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State.") (internal citations omitted).

With respect to specific personal jurisdiction, the Seventh Circuit has articulated three "essential requirements" for the exercise of specific jurisdiction over an out-of-state defendant:

2

"First, the defendant's contacts with the forum state must show that it purposefully availed [itself] of the privilege of conducting business in the forum state or purposefully directed [its] activities at the state. Second, the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities. And finally, any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Curry v. Revolution Laboratories, LLC*, 949 F.3d 385, 398 (7th Cir. 2020). None of these requirements are satisfied here.

### *1. Defendant did not "purposefully availed" itself of the forum state*

In generally, "under *NBA Properties*, a defendant must have shipped at least one product to Illinois to have purposefully directed its activities here." *Collectanea J. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A,* 2024 WL 4604532 (N.D. Ill. 2024) at 4 (citing *NBA Props. v. HANWJH*, 46 F.4th 614, 625 (7th Cir. 2022)); s*ee also*, *Roblox Corp. v. Bigfinz*, No. 23 C 5346, 2023 WL 8258653, at *1 (N.D. Ill. Nov. 29, 2023) (collecting cases requiring an online retailer to have "sold at least one product in Illinois for personal jurisdiction to exist" in an infringement case). Here, Defendant has never shipped any accused product to Illinois (*Cai Decl*. ¶ 5) and thus did not purposefully avail itself of the forum state.

Plaintiff will likely argue that it has placed an order for the accused product to establish specific personal jurisdiction over Defendant. However, Defendant has cancelled the order because Defendant did *not* want to sell the accused product to Illinois residents; indeed, Defendant has never shipped the accused product to Plaintiff, or any other Illinois residents. (*Cai Decl*. ¶ 7). Therefore, Defendant has clearly declined to sell the accused product to Illinois, rather than "targeted sales to Illinois residents" as alleged in the Complaint.

*2. Plaintiff's alleged injury did not arise out of the Defendant's forum-related activities*

As Defendant has made no sale of the accused product in Illinois, Plaintiff is not injured by Defendant's Illinois-related activities. Plaintiff's own order, made from an Illinois address and was subsequently cancelled, cannot cause injury to Plaintiff itself either.

*3. Exercise of personal jurisdiction does not comport with traditional notions of fair play and substantial justice*

In determining whether personal jurisdiction comports with traditional notions of fair play and substantial justice, courts evaluate factors including "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985) (internal citations omitted). These factors weigh against exercising personal jurisdiction over the Defendant.

Defendant operates in China and has no office or employee in Illinois. The burden on Defendant to litigation this matter in this court is significant.

Moreover, the forum state has no interest in adjudicating this dispute. The Plaintiff is "a limited liability company organized and existing under the laws of the State of Tennessee with a principal place of business at 3800 North Lamar Blvd, Suite 400, Austin, TX 78756." *Complaint* ¶ 4. Defendant operates in China and has made no sale of the accused product in Illinois. (*Cai Decl*. ¶¶ 4-5). Therefore, the state has no interest in adjudicating this dispute involving an out-of-state Plaintiff, an out-of-state Defendant, and an accused product with no sale in the state.

Lastly, "interstate judicial system's interest" and "shared interest of the several States" would be better served if Plaintiff brought the case in another forum that has a closer connection to this dispute, such as Texas where Plaintiff has its principal place of business or Tennessee where it is organized, rather than burdening the forum state with which neither Plaintiff nor Defendant has a close connection and where no sale has occurred.

In summary, the Complaint should be dismissed for lack of personal jurisdiction over the Defendant.

**B. The Complaint should be dismissed for insufficient service of process**

The Complaint should be dismissed for insufficient service of process for at least the following reasons.

First, Defendant's address is publicly available on its Walmart profile page, and is included in Plaintiff's screenshot evidence. (*Cai Decl*. ¶ 8). Therefore, the Hague Service Convention applies because Defendant's address is already known to Plaintiff. *See Hague Service Convention*, 20 U.S.T. 361, art. 1 ("The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad. This Convention shall not apply where the address of the person to be served with the document is not known.")

Moreover, a number of courts, including an earlier decision in this District, have found that email service of process to China-based defendant is prohibited by the Hague Service Convention. *See Luxottica Grp. S.p.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A",* 391 F. Supp. 3d 816, 826–27 (N.D. Ill. 2019) ("Because email would bypass the methods of service the Hague Convention authorizes, the Convention preempts it as inconsistent"); *Peanuts*

5

*Worldwide LLC v. P'ships and Unincorporated Ass'ns Identified on Schedule "A"*, 347 F.R.D. 316 (N.D. Ill. 2024) (collecting cases and describing *Luxottica*'s position as the minority view in the Seventh Circuit); *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1391 (S.D.N.Y. 2022) (holding that service via e-mail was not permitted in China under the Hague Convention); *Prem Sales, LLC v. Guangdong Chigo Heating and Ventilation Equipment Co., Ltd.*, 494 F.Supp.3d 404 (N.D. Tex. 2020) (holding that email service on China-based defendant is not permitted under the Hague Service Convention); *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977, 986, 988 (N.D. Cal. 2020) ("under the Convention, service by e-mail on defendants in China is prohibited").

Furthermore, Plaintiff should have attempted to service under the Hague Service Convention *before* effecting email service to comply with constitutional due process requirement, even if email service is allowed under Rule 4(f)(3). *See, e.g., Parsons v. Shenzen Fest Tech. Co.*, 2021 WL 767620, at *4 (N.D. Ill. Feb. 26, 2021) (stating that "courts that have permitted electronic service have found it complied with due process when, for example … multiple valid forms of service were attempted" and denying Plaintiff's motion email service for failure to comport with constitutional notions of due process) (internal citations omitted). Plaintiff has made no such attempt here, despite the fact that Defendant's address is already included in Plaintiff's screenshot evidence and is readily available for Plaintiff to effect service of process under the Hague Service Convention.

In summary, Plaintiff's email service should be deemed ineffective under Fed. R. Civ. P. 12(b)(5) because it (i) violates the Hague Service Convention and (ii) does not comport with constitutional due process requirement.

### III. CONCLUSION

In conclusion, the Court should dismiss the Complaint for (a) lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), and (b) insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).

Dated July 8, 2025

                                            Respectfully Submitted,

                                            /s/ Longhao Wang

                                            Longhao Wang
                                            *Attorney for Defendant*
                                            13A, Shun Ho Tower
                                            24-30 Ice House Street, Central, Hong Kong
                                            (718) 200-9474
                                            lwang@lwlegalfirm.com