IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENDRA SCOTT, LLC, <br><br>  Plaintiff, <br><br> v. <br><br> ANKER (CHONGQING) IMPORT AND EXPORT TRADING CO., LTD. et al., <br><br> Defendants. | Case No. 25-cv-03696 <br><br> **Judge Elaine E. Bucklo** <br><br> **Magistrate Judge Jeffrey Cole** |

### PLAINTIFF'S MOTION TO CONDUCT JURISDICTIONAL DISCOVERY FOR DEFENDANT'S MOTION TO DISMISS [58], AND TO STAY OR EXTEND THE BRIEFING SCHEDULE [61]

Plaintiff Kendra Scott, LLC ("Plaintiff" or "Kendra Scott") moves this Honorable Court for jurisdictional discovery to respond to Defendant ChangJieWireless' (Def. No. 52) ("Defendant") Motion to Dismiss [58] ("Defendant's Motion"). Plaintiff also requests that the Court stay or extend the briefing schedule [61] on Defendant's Motion so that the parties can conduct jurisdictional discovery.

Defendant's Motion also moves to dismiss the Complaint based on insufficient service of process. [58] at p. 5. While Plaintiff's request for discovery focuses on jurisdiction, Plaintiff notes that service of Defendant by e-mail complies with Fed. R. Civ. P. 4(f)(3), as confirmed by this Court.[1]

---

[1] "[E]ven assuming that the Hague Convention applies, I have previously expressed my agreement with the vast majority of courts that have held that it does not prohibit e-mail service on Chinese defendants, *see Turnpro LLC v. The Entities, et al.*, No. 21-cv-02763 (N.D. Ill. June 24, 2022) (Bucklo, J.) (ECF No. 105), and do so again now. *See also, e.g., NBA Properties, Inc. v. Partnerships & Unincorporated Associations Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021), aff'd sub nom. *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022) (citing cases)." *Hallmark Licensing, LLC v. The P'ships, et al.*, No. 24-cv-00112 (N.D. Ill. Mar. 31, 2025) (Bucklo J.) (ECF No. 70) (unpublished).

## BACKGROUND

Defendant is a China-based entity that operates on the Walmart.com e-commerce platform ("Defendant's Walmart Store"). Defendant set up Defendant's Walmart Store and affirmatively elected to target its business transactions at the United States, including Illinois, affirmatively agreed to contract with consumers in the United States, including Illinois, fulfill orders to the United States, including Illinois, and comply with all applicable U.S. laws. Specifically, Defendant used counterfeit versions of the Kendra Scott Trademarks in connection with the offer for sale and sale of unauthorized products to Illinois ("Unauthorized Kendra Scott Products"). [2] *See* Declaration of Rachel M. Ackerman (the "Ackerman Decl.") at ¶ 2; *see also* [1] at ¶¶ 2, 21, 29-30; [16] at ¶¶ 17-18. Plaintiff's investigators completed a transaction with Defendant by ordering an Unauthorized Kendra Scott Product from Defendant's Walmart Store, making payment, and receiving a payment receipt. *See* Exhibit 2 to the Declaration of Adrienne T. Montes [16] at [17-1] at pp. 174-177; *see also* Exh. 1 to the Ackerman Decl. However, Defendant's Motion claims that Defendant did not ship the accused product to an Illinois resident. [58] at p. 2.

## ARGUMENT

Plaintiff's uncontradicted evidence shows that the Defendant offered for sale and completed a transaction by selling an Unauthorized Kendra Scott Product to an Illinois resident. As such, this Court properly exercised personal jurisdiction over Defendant. *See NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 625 (7th Cir. 2022) (affirming jurisdiction, stating that Defendant "structured its sales activity in such a manner as to invite orders from [a forum] and developed the capacity to fill them[,] [i]t cannot now point to its customers in [that forum] and tell us, 'It was all

---

[2] *See* **Exh. 1** to the Ackerman Decl., true and correct copies of screenshots of Defendant's Walmart listing of the Unauthorized Kendra Scott Product, including the checkout page and confirmation of Plaintiff's Illinois-based investigators' payment.

their idea.'" 46 F.4th 614, 625 (7th Cir. 2022) (cleaned up), cert. denied, 143 S. Ct. 577 (2023)); *see also Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 278 (2d Cir. Sept. 17, 2024) (holding, personal jurisdiction over China based seller "does not require a shipment. It requires a transaction"); *see also Roadget Bus. Pte. Ltd. v. Individuals, et al.*, No. 24 CV 607, 2024 U.S. Dist. LEXIS 119991 (N.D. Ill. July 9, 2024) (denying motion to dismiss for lack of jurisdiction where China based online store had related U.S. sales); *Pit Viper LLC v. Xi'an Jiaye Tengda Trading Co., Ltd.*, No. 23-cv- 14761, 2024 U.S. Dist. LEXIS 222165, at *5-13 (N.D. Ill. Dec. 9, 2024) (Ellis, J.) (denying motion to dismiss for lack of jurisdiction where China based online store initially accepted order with an Illinois shipping address and subsequently cancelled the order.)

Defendant's Motion asserts only conclusory statements to support its claim that the Court lacks jurisdiction. Defendant admits that "Plaintiff placed an order for the accused product," and claims "Defendant cancelled the order because it did not want to sell any accused product to Illinois residents." [58] at p. 2. Defendant's Motion only discusses one specific accused product. [58-1] at ¶ 3. Further, Defendant ignores numerous decisions from this District in which the court found personal jurisdiction existed where the plaintiff successfully placed an order that was later canceled. *See, e.g., Pit Viper LLC*, 2024 U.S. Dist. LEXIS 222165, at *5-13 (finding personal jurisdiction where defendant sold a infringing product to plaintiff for shipment to an Illinois address but cancelled the order several days later); *Manchester United Football Club Ltd. v. P'ships, et al.*, No. 24-cv-5692, 2024 U.S. Dist. LEXIS 231758, at *12 (N.D. Ill. Dec. 23, 2024) (Shah, J.) ("Because the defendants all offered products for sale to, and accepted and confirmed sales for Illinois residents—whether shipped and received or later canceled—[Plaintiff] has made out a *prima facie* case that each defendant purposefully availed itself of doing business in Illinois"); *Pit Viper, LLC v. Shenzen Xuewawa Ecommerce Co., Ltd., d/b/a Wilkxuewa.*, No. 23-cv-11374

3

(N.D. Ill. Jan. 10, 2025) (Kocoras, J.) (unpublished) (ECF No. 87); *NBA Properties, Inc. v. The P'ships, et al.*, No. 24-cv-10160 (N.D. Ill Dec. 19, 2024) (Jenkins, J.) (unpublished) (ECF No. 47); *see also Harley-Davidson Motor Company, Inc. v. The P'ships, et al.* No. 25-cv-00808 (N.D. Ill. Mar. 4, 2025) (Durkin J.) (ECF No. 28) (unpublished). Additionally, in *Collectanea J. Ltd*. and *Roblox Corp*., cited by Defendant, there was evidence that defendants did not make *any sales* to Illinois. 2024 U.S. Dist. LEXIS 195756, at *12 (N.D. Ill. Oct. 29, 2024); 2023 U.S. Dist. LEXIS 212147, at *2 (N.D. Ill. Nov. 29, 2023). Here, Defendant made at least one confirmed sale to Illinois.

To the extent that there is any ambiguity regarding personal jurisdiction, Plaintiff seeks limited jurisdictional discovery from Defendant to test the veracity of and learn the factual basis for statements made in Defendant's Motion. *See Black & Decker, Inc. v. Shanghai Xing Te Hao Indus. Co.*, No. 02-cv-4615, 2003 U.S. Dist. LEXIS 10127, at *12 (N.D. Ill. 2003) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous.")); *Fear of God, LLC v. The P'ships, et al.*, No. 24-cv-03785 (N.D. Ill. Aug. 6, 2024) (unpublished) (Dkt. No. 66) (Jenkins, J.) (ordering that Defendant must respond to Plaintiff's requests pertaining to the issue of whether the Court has jurisdiction); *JT's Frames, Inc. v. Casares*, No. 16-cv-2504, at *6 (N.D. Ill. Feb. 12, 2018) (unpublished) (Dkt. No. 75) (Dow, J.) ("Generally, courts grant jurisdictional discovery if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdiction issue."); *HAMANN GmbH v. The P'ships, et al.*, No. 21-cv-3591 (N.D. Ill. Oct. 8, 2021) (unpublished) (Dkt. No. 53) (Tharp, J.) (granting Plaintiff's motion for leave to conduct jurisdictional discovery); *Pit Viper, LLC v. The P'ships, et al.*, No. 23-cv-14761 (N.D. Ill.

4

May 29, 2024) (unpublished) (Dkt. No. 68) (Ellis, J.) (granting Plaintiff's motion for leave to conduct jurisdictional discovery).

"Jurisdictional discovery is appropriate where the existing record is inadequate to support personal jurisdiction and a party demonstrates that it can supplement its jurisdictional allegations through discovery." *LG Elecs., Inc. v. Quanta Computer Inc.*, 520 F. Supp. 2d 1061, 1072 (W.D. Wis. 2007). "The standard is low, but a plaintiff's request will be denied if it is based only upon unsupported assertions of personal jurisdiction." *Ticketreserve, Inc. v. viagogo, Inc.*, 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009); *Esquivel v. Airbus Americas, Inc.*, 2021 WL 4395815, at *2 (N.D. Ill. May 3, 2021) ("The standard for a *prima facie* case of personal jurisdiction is a low one, and the Plaintiff here has met it.").

In *Larry Zach v. The Individuals, et al.*, No. 24-cv-01491 at *2 (N.D. Ill. Apr. 16, 2024) (unpublished) (Dkt. No. 90) (Kocoras, J.), the Court found the following to be "practical inquires and [would] be critical as the Court approaches the question of whether personal jurisdiction is proper here":

> "Who purchased the accused products? When were they purchased? What other products, other than the products identified previously by Plaintiff, was Defendant selling, and how many of the products are infringing? If the accused products were not sold to anyone in Illinois, where have the products been sold to, and to whom exactly have they been sold to? Are there any marketing efforts related to Defendants' accused products and incorporating these products into established channels of commerce to consumers in the Northern District of Illinois, the State of Illinois, and the United States? What stores, other than the defendant stores at issue, does the Defendant also operate? Are those stores selling products infringing Plaintiff's rights? What is the Defendants' overall revenue from sales of all products into the Northern District of Illinois, the State of Illinois, and the United States? Can those sales revenues be verified by Defendants' payment of taxes to the United States Internal Revenue Service or revenue service of any state or county in the United States? What contacts has Defendant had with Illinois consumers? What contacts does Defendant have with fulfillment services such as Amazon warehouses and shipping companies in Illinois and the United States?"

The same information regarding Defendant's sales of products to Illinois and to the United States is also relevant to evaluating jurisdiction here. *See id.* (finding there was a genuine dispute about whether the Court could exercise personal jurisdiction over Defendant where "Plaintiff makes the potentially winning argument that by selling on Amazon, Defendant purposefully availed itself of Illinois."); *see also Christian Dior Couture, S.A. v. Liu*, No. 15 C 6324, 2015 U.S. Dist. LEXIS 158225, at *12-13 (N.D. Ill. Nov. 17, 2015) (finding personal jurisdiction based on the offer for sale of infringing product to Illinois and noting that, "[t]he record shows that Defendants have significant sales within the United States.").

Additionally, it is unknown whether Defendant had other infringing listings that were no longer active at the time Plaintiff learned of Defendant's infringement. Plaintiff should be able to rely on this information, currently in the custody and control of Defendant, in responding to Defendant's Motion. It is not unreasonably burdensome for Defendant to perform a search and provide information and documentation regarding products that were listed for sale on Defendant's Walmart Store. *See Volkswagen Group of America, Inc. v. The P'ships, et. al.*, No. 21-cv-04758 (N.D. Ill. July 1, 2022) (unpublished) (Dkt. Nos. 66-67) (Kennelly, J.) (ordering Amazon.com store operator defendant to produce information for all products that were advertised and offered for sale on its e-commerce store within the previous year, including images of the products, prices, and sales data).

Without limited jurisdictional discovery, Plaintiff does not have access to any additional information, including information regarding sales of any additional infringing products.

## **CONCLUSION**

For the reasons stated above, Plaintiff requests that the Court permit limited jurisdictional discovery and to stay or extend the briefing schedule [61] for Defendant's Motion [58].

Dated this 10th day of July 2025.        Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Luana Faria de Souza
Rachel M. Ackerman
Greer, Burns & Crain, Ltd.
200 W. Madison St. Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
lfaria@gbc.law
rackerman@gbc.law

*Counsel for Plaintiff Kendra Scott, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of July 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in this case.

                Respectfully submitted,

                /s/ Justin R. Gaudio
                Amy C. Ziegler
                Justin R. Gaudio
                Luana Faria de Souza
                Rachel M. Ackerman
                Greer, Burns & Crain, Ltd.
                200 W. Madison St. Suite 2100
                Chicago, Illinois 60606
                312.360.0080
                312.360.9315 (facsimile)
                aziegler@gbc.law
                jgaudio@gbc.law
                lfaria@gbc.law
                rackerman@gbc.law

                *Counsel for Plaintiff Kendra Scott, LLC*