IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kendra Scott, LLC | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 25 C 3696 ) |
| The Partnerships and Unincorporated Associations Identified on Schedule A | ) ) ) ) ) |
| Defendants. | ) ) ) |

Order

Defendant ChangJieWireless's motion to dismiss for lack of personal jurisdiction and insufficient service of process is is denied. Taking the latter argument first, I agree with the majority view in this district that the Hague Convention neither prohibits email service of process on defendants based on China nor requires a plaintiff to attempt to serve a defendant under the Convention's procedures before requesting alternative service under Rule 4(f)(3). *See Peanuts Worldwide LLC v. Partnerships & Unincorporated Associations Identified on Schedule "A",* 347 F.R.D. 316, 328 (N.D. Ill. 2024), appeal dismissed sub nom. *Peanuts Worldwide LLC v. Electrician Guy*, No. 24-2170, 2024 WL 5297821 (7th Cir. Aug. 28, 2024). While it is true, as Judge Pallmeyer observed in *Peanuts*

*Worldwide*, that district courts are not unanimous in this view, and that a minority have interpreted China's objection to the alternative means of service listed in Article 10(a) of the Convention as an objection to email service as well, *see, e.g., Luxottica Grp. S.p.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 391 F. Supp. 3d 816, 826-27 (N.D. Ill. 2019), I am persuaded by the majority of courts that have reached the opposite conclusion, given that "email does not require physical intrusion on Chinese territory, which is China's express objection to the availability of postal service under the Hague Convention," *Hangzhou Chic Intelligent Tech. Co. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 20 C 4806, 2021 WL 1222783, at *3 (N.D. Ill. Apr. 1, 2021) (collecting cases that "reject[] the analogy of postal service to email service"). And defendant does not argue that it suffered any prejudice as a result of receiving electronic service, nor does it dispute that it received service by email as authorized by my order of 04/15/2025. For these reasons, dismissal is not warranted based on inadequate service of process.

As for the question of jurisdiction, all agree that defendant sold to plaintiff (or to someone acting on plaintiff's behalf) an allegedly infringing item from its online store on Walmart.com. *See* ECF 17-1. In *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 627 (7th Cir. 2022), the Seventh Circuit held that the online sale of even one infringing item to an Illinois customer can support personal

2

jurisdiction in this forum. By defendant's lights, *NBA Properties* does not support jurisdiction here because it cancelled plaintiff's order prior to shipment precisely to avoid the jurisdiction of courts in Illinois. It is true that in *NBA Properties*, defendant's shipment of the infringing product to Illinois was among the factors the court considered in concluding that the defendant purposely directed its activities to this forum. *See id*. at 624. But nothing in the court's decision suggests that a shipment of goods is required for personal jurisdiction. To the contrary, the court rejected bright-line jurisdictional rules and reiterated that the focus remains on whether a defendants "purposefully directed its conduct at Illinois," and in this connection, "what matters is [defendant's] structuring of its own activities so as to target the Illinois market." *Id*.

Moreover, several courts in this district have held that jurisdiction is proper where a defendant sells an allegedly infringing product then cancels the transaction prior to shipping. *See, e.g., Manchester United Football Club Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 24 CV 5692, 2024 WL 5202272, at *5 (N.D. Ill. Dec. 23, 2024) (Shah, J.) ("Because the defendants all offered products for sale to, and accepted and confirmed sales for Illinois residents—whether shipped and received or later canceled—Manchester United has made out a prima facie case that each defendant purposefully availed itself of doing business in Illinois"); *Pit Viper, LLC v. Xi'an Jiaye Tengda Trading Co.*, No. 23

3

C 14761, 2024 WL 5039888, at *4 (N.D. Ill. Dec. 9, 2024) (Ellis, J.). Here, plaintiff has offered undisputed evidence that it successfully purchased an allegedly infringing item from defendant, and that the purchase was confirmed for shipment to an Illinois address. That is sufficient to show that defendant purposely availed itself of the privilege of doing business in Illinois. Its motion to dismiss for lack of personal jurisdiction is therefore denied. Plaintiff's motion for jurisdictional discovery is denied as moot.

                    **ENTER ORDER:**

                    **Elaine E. Bucklo**
                    United States District Judge

Dated: October 27, 2025